No. 24-70006

IN THE
# United States Court of Appeals for the Fifth Circuit

BRIAN EDWARD DAVIS,
*Petitioner–Appellant*

v.

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,
*Respondent–Appellee*

**RESPONDENT'S RESPONSE IN OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE BRIEF**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

TOMEE M. HEINING
Acting Chief,
Criminal Appeals Division

JACEY WINGET
Assistant Attorney General
*Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
jacey.winget@oag.texas.gov

*Counsel for Respondent*

# RESPONSE IN OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE BRIEF

This is a federal habeas corpus proceeding initiated by Petitioner-Appellant Brian Davis, a death-sentenced Texas inmate, pursuant to 28 U.S.C. § 2254. The district court denied Davis's petition and declined to issue a certificate of appealability (COA) on September 4, 2024. *Davis v. Lumpkin*, No. 4:16-cv-01867 (S.D. Tex., Sept. 4, 2024), ECF No. 99 at 128. Davis filed a notice of appeal to the Fifth Circuit on October 1, 2024. *Id.* at ECF No. 102. Davis now moves the Court for a third extension of his deadline to file his Motion for COA and Brief in Support. ECF No. 31. Because Davis has had ample time to file his brief, the Court should deny his request.

After filing his notice of appeal, Davis filed a 30-day motion for extension of time, until December 18, 2024, which was unopposed and granted. ECF No. 18, 24-1. On December 11, 2024, Davis filed a second unopposed 30-day motion for extension. ECF No. 25. The Court granted the motion and extended his deadline to January 17, 2025. ECF No. 30-2. Now, Davis requests a 21-day extension of time due to the complexity of

the litigation, the voluminous record on appeal, and his role as sole attorney in this case. ECF No. 31 at 1–3.

Respondent is aware of the voluminous record in this case and is considerate of counsel's busy schedule. But Davis's counsel had ample time to research the legal basis for his claims. One hundred and eight days (from the filing of Davis's notice of appeal through Davis's second extension request) is more than enough time to file his brief, particularly since the brief should be cordoned by the pleadings filed below and Davis's counsel has been appointed in this case since 2016. *Davis*, No. 4:16-cv-01867, ECF No. 2 (Order granting motion for appointment of counsel filed June 29, 2016).

Davis's counsel also cites his role as sole attorney in two other federal cases, *United States v. Ronald Brown*, No. 24-20095 (5th Cir.) and *Tarus Vandell Sales v. Director*, No. 4:15-cv-256 (S.D. Tex.). ECF No. 31 at 3. In *Brown*, Davis's counsel asked for an extension of time to file his reply brief on December 30, 2024. *Brown*, No. 24-20095, ECF No. 72. On January 2, 2025, the Court granted his motion in part, extending his deadline to January 17, 2025, the same day his brief in Davis's case is currently due. *Id.* at ECF No. 76; *Davis*, 24-70006, ECF No. 30-2. Davis's

2

counsel filed the reply brief on January 13, 2025. *Brown*, No. 24-20095, ECF No. 77. The current extension request in this case was filed that same day–less than seven days before the deadline, but counsel has known about these conflicting deadlines since January 2, 2025. *See Davis*, 24-70006, ECF No. 31 (filed January 13, 2025); Fifth Circuit Rule 31.4.1(a). Counsel has not provided a reason why he could not file his extension request at least seven days before Davis's brief due date.

Davis's counsel also points to his reply deadline in *Tarus Vandell Sales*, which was filed on November 14, 202[4]. ECF No. 31 at 3–4. In that case, Davis's counsel had a reply deadline of June 3, 2024.[1] *See Tarus*, No. 4:15-cv-256, ECF No. 56 (stating that pursuant to the scheduling order, Sales was required to file a reply within sixty days of the answer, which was filed on April 3, 2024). However, counsel missed that deadline and was ordered to file a reply by October 15, 2024. *Id.* Counsel then requested an extension, which was granted, extending his deadline to November 14, 2024. *Id.* at ECF No. 57, 58. However, counsel does not explain why he was unable to complete Davis's brief, other than

---

[1]   Davis's counsel's original deadline fell on Sunday June 2, 2024. Therefore, under Federal Rule of Civil Procedure 6, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

3

to cite his reply deadlines in two other cases, which he presumably knew he would be required to file. *See Sales*, No. 4:15-cv-256, ECF No. 36 (scheduling order entered May 2, 2023); *Brown*, No. 24-20095, ECF No. 60 (motion for extension of time to file Appellee's brief filed by United States on October 21, 2024). Thus, Davis's request for a third extension should be denied.

## CONCLUSION

For the above reasons, Respondent respectfully requests that the Court deny Davis's third motion for extension of time to file his brief.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

TOMEE M. HEINING
Acting Chief, Criminal Appeals Division

s/ Jacey Winget
JACEY WINGET
Assistant Attorney General
Texas Bar No. 24125680
   *Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-1400
Fax: (512) 320-8132
Email: jacey.winget@oag.texas.gov

*Attorneys for Respondent*

# CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

      I do hereby certify that this brief complies with Fed. R. App. Proc. 27(d)(2)(A) in that it contains 764 words, Microsoft Word 2010, Century Schoolbook, 14 points.

                                    <u>s/ Jacey Winget</u>
                                    JACEY WINGET
                                    Assistant Attorney General

# CERTIFICATE OF COMPLIANCE WITH ECF FILING STANDARDS

      I do hereby certify that: (1) all required privacy redactions have been made pursuant to Fifth Circuit Rule 25.2.13; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus-scanning program and is free of viruses.

                                    <u>s/ Jacey Winget</u>
                                    JACEY WINGET
                                    Assistant Attorney General

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2025, I electronically filed the foregoing document with the clerk of the court for the United States Court of Appeals for the Fifth Circuit, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to counsel of record who has consented in writing to accept this Notice as service of this document by electronic means.

                                    s/ Jacey Winget
                                    JACEY WINGET
                                    Assistant Attorney General